NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERWIN OSWALDO ROMAN GOMEZ,<br><br>Petitioner,<br><br>v.<br><br>ACTING FIELD DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al*,<br><br>Respondents. | No. 26cv10716 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge**

Petitioner Erwin Oswaldo Roman Gomez initiated this action on August 21, 2026, by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his immigration detention. D.E. 1 (“Petition”). Based on the information then before the Court, the Court entered an Order enjoining Respondents from transferring Petitioner from New Jersey pending further Order of the Court. D.E. 2 (“Non-Transfer Order”). Later that day, Respondents advised the Court that Petitioner was detained at the Pike County Correctional Facility in Hawley, Pennsylvania, and had not been detained in New Jersey. D.E. 4 (“Respondents’ Letter”). Respondents therefore requested that the Court transfer this matter to the United States District Court for the Middle District of Pennsylvania. *Id.* Petitioner subsequently filed a response expressly consenting to that transfer. D.E. 5 (“Petitioner’s Response”). For the reasons below, the Court will transfer this matter to the Middle District of Pennsylvania.

## I. BACKGROUND

According to Respondents, Petitioner was transferred from the Moshannon Valley Processing Center in Philipsburg, Pennsylvania, to the Pike County Correctional Facility in

Hawley, Pennsylvania, on August 19, 2026, two days before he filed the Petition. Respondents' Letter at 1 & Ex. A. Respondents represent that Petitioner has not been detained in New Jersey. *Id.* at 1. They therefore contend that habeas jurisdiction lies in the Middle District of Pennsylvania and request transfer to that District. *Id.*

Petitioner does not oppose transfer. Rather, Petitioner expressly consents to transfer of this action to the Middle District of Pennsylvania under 28 U.S.C. § 1404(a), while preserving his positions on the merits and any other procedural issues. Petitioner's Response at 1.

## II. DISCUSSION

A petition under 28 U.S.C. § 2241 challenging present physical confinement generally must be brought in the district of confinement. *See Khalil v. President, United States*, 164 F.4th 259, 268 (3d Cir. 2026) (recognizing that habeas "jurisdiction lies in only one district: the district of confinement" (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004))). Here, Petitioner was confined at the Pike County Correctional Facility in the Middle District of Pennsylvania when he filed the Petition. Respondents' Letter at 1 & Ex. A.

Transfer is also appropriate under 28 U.S.C. § 1404(a), which permits a district court, "[f]or the convenience of parties and witnesses, in the interest of justice," to transfer a civil action "to any other district or division where it might have been brought or to any district or division to which all parties have consented." Petitioner could have brought this action in the Middle District of Pennsylvania, and both sides agree that the matter should proceed there. Accordingly, the Court will **TRANSFER** this action to the Middle District of Pennsylvania.

The Court will also vacate the Non-Transfer Order. The Order was entered before the Court was advised that Petitioner had already been transferred to Pennsylvania when this action was commenced.

## III. CONCLUSION

For the reasons explained above,

**IT IS**, on this **1st** day of October, 2026,

**ORDERED** that this matter shall be **TRANSFERRED** to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a); and it is further

**ORDERED** that the Court's August 21, 2026 Non-Transfer Order, D.E. 2, is **VACATED**; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter.

Evelyn Padin, U.S.D.J.